## In re NICKEL et al.

### Patent Appeal No. 2679.

Court of Customs and Patent Appeals.
April 15, 1931.

Foster & Codier, of Washington, D. C. (Oscar Codier and Ivan P. Tashof, both of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant prays an appeal from the decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Examiner in refusing to allow claims 1 to 7, inclusive, of appellant's application for a process and product patent upon furnace slag cement. Two of appellant's claims are as follows:

"1. Process for the manufacture of cement from lime and silicates consisting in the employment of solid vitrified silicates technically free from water in admixture with burned unslaked lime, and a small amount of gypsum, the ingredients being reduced to the fineness of cement, substantially as set forth."

"3. Cement comprising a mixture of 3 to 20% of burned unslaked lime and 75 to 95% of water-free vitreous silicates and 1 to 5% of gypsum ground to the fineness of ordinary cement substantially as set forth."

The claims were denied on the following references: Bodmer, 70,510, November 5, 1867; Grau, 905,813, December 1, 1908; Bergmann, British, 4,594, April 2, 1898; Eckel's Cements, Limes, and Plasters, published by Wiley & Son, New York, 1st Ed. 1905.

Appellant proposes to make his cement by first water cooling and vitrifying his slag, then drying the same, adding unslaked lime and gypsum, and grinding these substances together into powder. This process, he states, is new, and the product is new; hence inventive. It will be observed that, while claim 1 calls for the use of "solid vitrified silicates technically free from water," no particular method of obtaining the same is claimed.

The reference English patent to Bodmer, describes a process of making cement from vitrified furnace slag and unslaked lime, heated and dried after mixing, and then ground. He also teaches the mixture of such lime with the slag as it comes molten from the furnace. The reference Grau teaches the making of cement by blowing either slaked or unslaked lime into the molten slag as it issues from the furnace and then grinding the same. Grau also recites that gypsum may be mixed with the other components in making the cement.

The reference Bergmann makes the following recitation in his specification: "The production of granulated slag for clinkers or cement stones heretofore, has been by running water directly on to the outflowing hot slag, thereby reducing the same to a foamy glassy wet sand which, for making cement stones, must, previous to grinding undergo an expensive drying process in special furnaces, since it only dries very slowly in the air, and has a tendency to cake into large solid lumps or masses when left for a length of time in a heap."

Bergmann further states that he avoids the disadvantages of the former process and uses furnace slag which is not first granulated, but which, while in its solid state, is broken up and ground after having been allowed to cool slowly in the ordinary slag boxes. This slag, he states, is "absolutely free of water," and this he proposes to grind with lime, and which lime, he states, is "intensely hygroscopic."

The case is not free from difficulties, but we are of opinion the application of appellant has been anticipated by the said references. It is not claimed there is anything new in the quality of the cement produced by appellant's process. Certainly there is nothing new in mixing furnace slag, either vitrified or otherwise, with unslaked lime to make cement. The references fully disclose that this was known to the art many years before appellant made his application. There was therefore no invention shown by his application in this respect.

We are also unable to see anything inventive in the particular combination disclosed by appellant in his claims, of which claim 3 is typical. It has been suggested by the Solicitor of the Patent Office that, it being once known that gypsum, unslaked lime, and vitrified furnace slag might be mixed to form a cement, the proper proportions of each to be used would naturally and obviously suggest themselves to one skilled in the art.

If it may be claimed that appellant's claims, typified by claim 3, should be allowed because they teach the mixture of the components in certain percentages, it will be observed that the range of percentages for the various components is so wide that no real addition to the art is furnished. It amounts to little more than a statement that a mixture of vitrous slag, unslaked lime, and gypsum is used.

The decision of the Board of Appeals is affirmed.

Affirmed.